IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ZAKORION SIMS**                                                                                        **PLAINTIFF**

v.                                                                          CAUSE NO. 1:22-cv-353-LG-BWR

**MIKE EZELL, et al.**                                                                              **DEFENDANTS**

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Zakorion Sims brings this conditions-of-confinement Complaint under 42 U.S.C. § 1983.

On December 29, 2022, Sims was ordered to "either pay the required . . . filing fee . . . or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." (Order at 1, ECF No. 3). This Order warned Sims that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." (*Id.* at 2). This Order was mailed to Sims at his last-known mailing address, and it was not returned by the postal service as undeliverable. Sims did not timely comply with this Order.

On February 2, 2023, the Court ordered Sims to show cause why this case should not be dismissed for his failure to comply. (Order to Show Cause, ECF No. 4). He was given until February 16, 2023, to comply with the Court's Orders, and

he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." (*Id.* at 2). The Order to Show Cause was mailed to Sims at his last-known mailing address, and it was returned by the postal service as undeliverable in an envelope marked, "No longer at this facility." (Envelope, ECF No. 5). Sims did not timely comply with the Order to Show Cause.

The Court entered a Second and Final Order to Show Cause on February 27, 2023. The Court extended Sims's responsive deadline to March 13, 2023, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." (Second and Final Order to Show Cause at 2, ECF No. 6 (emphasis in original)). Sims was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.* at 3). The Second and Final Order to Show Cause was mailed to Sims at his last-known mailing address, and it was returned by the postal service as undeliverable in an envelope marked, "No longer at this facility." (Envelope, ECF No. 7). Sims did not timely comply with the Second and Final Order to Show Cause, nor has he notified the Court about a change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962);

*see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Sims did not comply with three Court Orders, after being warned as many times that failing to do so may lead to the dismissal of this case.  (Order at 1, ECF No. 3; Order to Show Cause at 2, ECF No. 4; Second and Final Order to Show Cause at 2-3, ECF No. 6).  Despite these warnings, Sims has not contacted the Court or taken any action in this case since December 28, 2022—the day his Complaint was filed.

Given his clear record of delay and contumacious conduct, it is apparent that Sims no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  *See, e.g., Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE